J-A19044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                    :                    PENNSYLVANIA
                                                    :

               v.                                                :
                                                    :
                                                    :

DAVID HARRIS                                     :
                                                    :
                Appellant                    :    No. 18 EDA 2021

Appeal from the Judgment of Sentence Entered November 25, 2020
In the Court of Common Pleas of Bucks County Criminal Division at No:
CP-09-CR-0006430-2015

BEFORE:    DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                 **FILED DECEMBER 15, 2021**

Appellant, David Harris, appeals from the judgment of sentence of 18 to 60 months' incarceration, which was imposed after the trial court found him in violation of his probation. We affirm.

On January 28, 2016, Appellant entered into a guilty plea to Robbery of a Motor Vehicle, Receiving Stolen Property, Theft by Unlawful Taking, and Robbery by Force.[1] On March 30, 2016, the trial court sentenced Appellant to 24 to 48 months' incarceration plus 5 years of concurrent probation on the Robbery of a Motor Vehicle count. Order, 3/3/16. Appellant received no further penalty on the remaining charges. *Id*. On September 18, 2017, Appellant was released on parole upon completion of outpatient treatment.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3702(a), 3925(a), 3921(a), and 3701(a)(1)(v), respectively.

Order, 9/25/17. Appellant's parole expired on September 4, 2019. *Id*. Appellant continued to serve the remainder of the concurrent 5 years of probation, which was set to expire on March 30, 2021. Order, 12/15/16.

On September 1, 2020, Appellant's probation officer alerted the trial court that Appellant incurred the following technical violations of probation: moving without permission, failure to report, failure to comply with drug and alcohol treatment, and possession marijuana. Letter, 9/1/20. Appellant's probation officer requested that the trial court issue a bench warrant for Appellant's arrest based on his failure to report. *Id*. On September 3, 2020, the trial court issued a bench warrant for Appellant's arrest based on absconding from his probation. Order, 9/3/20. Appellant was arrested on that bench warrant on September 14, 2020. Order, 11/25/20.

On November 25, 2020, the trial court held a violation of probation hearing. Agent Spall, Appellant's State parole officer, testified at the hearing. Agent Spall was temporarily assigned to Appellant's case in July [2020]. N.T. 11/24/20, at 3. Agent Spall testified,

> On July 17th [Appellant] did enroll at the detox in Valley Forge and was successfully discharged on July 28th.
>
> On July 29th [Appellant] contacted me to inform me that he had been discharged, that he was instructed to enroll in outpatient treatment.

*Id*. at 4-5. Agent Spall testified that on August 4, 2020, he "attempted to see [Appellant] at his home" and "conducted a walk-through of the home to verify that [Appellant] was not present at the home." *Id*. at 5-6. Agent Spall

testified he "then proceeded to Serenity Safe Haven outpatient clinic where

[Appellant] was to have been enrolled in treatment." ***Id***. Agent Spall testified,

> [t]hey did report that he had enrolled since his detox. On August 19th, I did contact Serenity Safe Haven again to follow up on the progress of his treatment, and they reported that he missed his August 4th appointment, and has not been to the clinic since.
>
> The clinic standard is twice weekly.
>
> On August 31st, I spoke with the director of Serenity Safe Haven who reported they were in the process of trying to get [Appellant] to come into the clinic to the [sic] send him to another inpatient treatment facility, that he continues to reside in an unknown residence in Kensington, and that they would call me if they had any contact with the treatment center. And I did not receive any contact from them stating that he had at any subsequent date contacted the center.
>
> As of September 1st, [Appellant] had not contacted me at all in August in order to schedule his August appointment. He was required to be seen every month.
>
> He had not complied with treatment recommendation.
>
> He had not provided me with an address or phone number for which he could be contacted at.
>
> . . .
>
> And we requested this Court issue a warrant for [Appellant's] arrest, and he was subsequently arrested on September 14th in response to that.

***Id***. at 10-12.

Appellant testified that he made a mistake, would participate in

outpatient treatment, and that he has a problem with drug use. ***Id***. at 28-29.

The trial court found Appellant in violation of his probation. Order, 11/25/20.

The trial court revoked Appellant's probation and resentenced him to 18 to 60

- 3 -

months' incarceration. Order, 11/25/20. Additionally, the trial court ordered that Appellant be supervised by the mental health unit, participate in drug, alcohol, and mental health treatment, and receive credit for time served from September 14, 2020. *Id*.

On December 2, 2020, Appellant filed a timely motion to reconsider his sentence. Motion, 12/2/20. Appellant argued that his sentence is unduly harsh in view of the nature of the violations, his poor physical health, substance abuse disorder and mental health diagnosis. *Id*. Appellant argued that his sentence is manifestly excessive in light of the nature of the underlying violations and the lengthy period of supervision imposed. *Id*. Appellant also argued that the trial court failed to consider the factors in 42 Pa.C.S. § 9721(b) and 42 Pa.C.S. § 9771(c). *Id*.

The trial court did not rule on the motion to reconsider before Appellant filed a timely notice of appeal.[2] On December 23, 2020, Appellant filed

_____

[2] Appellant's motion to reconsider did not toll the thirty-day period to file an appeal from the sentence imposed following revocation. *See* Pa.R.Crim.P. 708(e). The trial court stated in its 1925(a) opinion that Appellant's post-sentence motion will be denied by operation of law on March 25, 2021, however, there appears to be no order stating such on the certified docket. Trial Court Opinion, at 5. *See* Pa.R.Crim.P. 720(B)(3)(a) (post-sentence motion not decided by trial judge within 120 days is deemed denied by operation of law). We request the trial court enter the order denying Appellant's post sentence motion by operation of law on the docket. *See* Pa.R.Crim.P. 720(B)(3)(c) (when a post sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court. . . that the post-sentence motion is deemed denied). This does not hinder our consideration of this appeal.

this timely direct appeal.[3]  Appellant presents the following issues for our review:

1. Is the sentence imposed for a technical violation of probation unduly harsh and excessive, and greater than that necessary to vindicate the Court's authority under the circumstances where:

   • confinement in a state correctional facility for the term imposed is not the least restrictive sentence necessary to effectuate the aims of Pennsylvania's sentencing laws and is greater than that which would be consistent with protection of the public, the gravity of defendant's conduct as it relates to the impact on the life of others in the community, and the rehabilitative needs of the defendant;

   • and where the lower court did not adequately consider defendant's age, rehabilitative needs, his acceptance of responsibility for his crime and violation, his progress toward rehabilitation and the supportive environment available to defendant?

2. Are Pa.R.Crim.P. 708 and 42 Pa.C.S. [Section] 5505 fundamentally unfair, inefficient and in direct conflict with Pa.R.Crim.P. 602?

Appellant's Brief, at 5 (suggested answers omitted).

We must first address if Appellant preserved the entirety of his first issue for appeal under Pa.R.A.P. 1925(b).  Appellant filed a Pa.R.A.P. 1925(b) statement with the trial court, in relevant part stating, "[t]he trial court abused its discretion by imposing an unduly harsh and excessive sentence for a technical violation of probation."  Rule 1925(b) statement, at 1 (unpaginated).

_____

[3] Appellant timely filed his statement of errors complained of on appeal on February 3, 2021.  The trial court entered its opinion on March 23, 2021.

The trial court, thereafter, filed its opinion addressing that issue. The Commonwealth objected in its brief to Appellant's inclusion of two additional issues in this appeal, that the sentence was inconsistent with the Section 9721(b) factors and not required to vindicate the trial court's authority. **See** Commonwealth Brief, at 10.

Appellant has only included one section in the argument section of his brief with regard to the discretionary aspects of his sentence. **See** Pa.R.A.P. 2119. We decline to find waiver. We find that Appellant raised the arguments, that the sentence was not essential to vindicate the authority of the court and that the sentence is not consistent with the Section 9721(b) factors, in support of his excessive sentence argument and not distinct from it. Appellant has raised only one issue for our review with regard to his judgment of sentence, whether the sentence is excessive based on the technical nature of the violations.

Appellant's issue relates to his judgment of sentence and implicates the discretionary aspects of his sentence. A defendant does not have an automatic right to appeal the discretionary aspects of a sentence and instead must petition this Court for allowance of appeal, which "may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under" the Sentencing Code. 42 Pa.C.S. § 9781(b); **see also Commonwealth v. Luketic**, 162 A.3d 1149, 1160 (Pa. Super. 2017).

Prior to reaching the merits of a discretionary sentencing issue, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his [] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f), Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is [not] appropriate under the [S]entencing [C]ode.

*Commonwealth v. Lekka*, 210 A.3d 343, 349 (Pa. Super. 2019) (citation omitted) (brackets in original).

Appellant satisfied the first three requirements; he filed a timely notice of appeal, preserved his issue in a timely post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief, at 11. Next, we turn to whether Appellant's Rule 2119(f) statement raised a substantial question.

> Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. . . . We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Radecki*, 180 A.3d 441, 467-68 (Pa. Super. 2018) (citations omitted) (brackets in original).

Appellant asserts in his Pa.R.A.P. 2119(f) statement that his sentence of total confinement is unduly harsh, excessive and unreasonable under the

circumstances, particularly in light of the technical nature of the violations of his probation. Appellant's Brief, at 22. This raises a substantial question. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (argument that trial court abused its discretion in imposing a sentence of total confinement after the revocation of probation for a technical violation raises a substantial question); *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006) (argument that trial court's sentence was excessive and disproportionate to the underlying technical violations presented a substantial question).

Accordingly, we address the merits of Appellant's issue. We are mindful of the following standard and scope of review.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Starr*, 234 A.3d 755, 760–61, (Pa. Super. 2020), *appeal denied,* 243 A.3d 724 (Pa. 2020) (*citing Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012)). With regard to a judgment of sentence upon revocation of probation, we are guided by the following settled law.

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum

sentence that it could have imposed originally at the time of the probationary sentence."

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (internal citations omitted and brackets in original).

However, a VOP sentencing court's discretion is not unfettered. A VOP sentencing court must issue a sentence that is consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." (Hereinafter, 9721(b) factors) 42 Pa.C.S. § 9721(b); ***Commonwealth v. Derry***, 150 A.3d 987, 994 (Pa. Super. 2016). Additionally, the VOP sentencing court is guided by 42 Pa.C.S. § 9771(c), which provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

(Hereinafter, 9771(c) factors) 42 Pa.C.S. § 9771(c); ***Derry***, 150 A.3d at 994.

Importantly, "in all cases where the court resentences an offender following revocation of probation . . . the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed[.]" ***Colon,*** 102 A.3d at 1044 (quotation marks and citations omitted); Pa.C.S. § 9721(b). However, "since

the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing." ***Commonwealth v. Presley,*** 193 A.3d 436, 446 (Pa. Super. 2018) (citations omitted). "[T]he record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Colon,*** 102 A.3d at 1044 (citation omitted).

Appellant argues that his sentence of total confinement for technical violations of his probation, including one month failure to report and failure to follow up with treatment for less than a month, is unduly harsh, excessive, and unreasonable. Appellant's Brief at 33. Appellant argues that he "initiated contact with his probation officer after a relatively brief lapse in reporting and admitted that he was struggling with drug addiction." ***Id***. He argues that the sentence was not necessary to vindicate the authority of the court nor consistent with the Section 9721(b) factors. ***Id***. at 33-34.

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure the factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003).

> Where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

***Commonwealth v. Pasture***, 107 A.3d 21, 28-29 (Pa. 2014).

In its 1925(a) opinion, the trial court stated,

Appellant's initial sentence was below the mitigated sentence. For robbery of a motor vehicle, the crimes for which he was sentenced, Appellant's sentencing guidelines were 36 months in the mitigated range, 48 to 60 months in the standard range, and 72 months in the aggravated range. . . . Appellant was not sentenced on every count, nor did his sentence come close to exceeding the combined standard range of all his crimes.

TCO, at 3.

During Appellant's violation of probation hearing, the trial court stated:

[Y]ou were given a state sentence the first time because of, in part, the guidelines; in part because of your criminal history; and in part because of the facts of the case; in part because of the need to protect the community. But the sentence was undoubtedly below the mitigated range because of your need for rehabilitation.

. . .

What troubles me is you got out of jail, and you called your probation officer the day you were released or the day after you were released from a program, and then you went – to put it bluntly – off the grid for a month. You were nowhere to be found. He didn't have any contact with you. You didn't contact him. Whether you moved or you didn't move, you know, which is in some dispute, I think it's pretty clear you weren't where you were supposed to be or where you told him you'd be. And so, I look at the whole case, and what it suggests to me is that you're a person who is still in need of treatment, that the treatment that you will require is long-term drug and alcohol and mental health treatment, and that you were given the benefit of your condition last time you were in court, and you haven't taken advantage of it. And that's my perception. I know you and Mr. Criste will disagree with that. I don't think I have much of a choice in order to vindicate the authority of the Court, I think a sentence of total confinement is required for those reasons. While they're technical violations, your conduct is

> nevertheless serious and quite concerning given the history that has been presented to me and that I'm familiar with.
>
> . . .
>
> You got two to four last time. The 18 months brings him up to the mitigated range under the guidelines as has been requested. I don't think a three-and-a-half or a two-and-a-half-to-five or a three-and-a-half-to-seven serves any purpose other than to punish him. He still needs treatment. We all know that those programs take some time.

N.T., 11/24/20, at 29-32.

Appellant's argument that the trial court sentenced him to an excessive sentence based on technical violations of his probation is without merit. The trial court heard and considered testimony from Appellant's probation officer regarding Appellant's specific violations of his probation, and heard testimony from Appellant. **See** N.T. 11/24/20, generally. The trial court adequately explained its reasons for the sentence imposed. N.T. 11/24/20, at 30-31; **See Pasture**, 107 A.3d at 28.

Importantly, the trial court is the same court that originally sentenced Appellant. **See Pasture**, 107 A.3d at 28; **Presley**, 193 A.3d at 446–47. The trial court explained that it originally sentenced Appellant to a sentence that was **below** the mitigated sentencing guidelines "because of [Appellant's] need for rehabilitation." N.T. 11/24/20, at 29. Despite this, Appellant failed to adhere to the conditions imposed upon him. The trial court emphasized, "you were given the benefit of your condition last time you were in court, and you haven't taken advantage of it." N.T. 11/24/20, at 31.

The trial court adequately considered the Section 9721(b) factors, stating that Appellant's conduct is "serious and quite concerning." N.T., 11/24/20, at 31. The trial court was familiar with Appellant's history, as it was the same court that originally sentence Appellant, and whose probation Appellant violated. N.T., 11/24/20, at 31. The trial court also complied with 9771(c), in finding the sentence was necessary to vindicate the authority of the court. N.T., 11/24/20, at 31; **See Malovich**, 903 A.2d at 1254.

Lastly, the trial court sentenced Appellant well within the statutory maximum for Robbery of a Motor Vehicle, a felony of the first degree, which is 20 years' incarceration. Appellant initially received a sentence of 2 to 4 years' incarceration and was resentenced to 1.5 to 5 years' incarceration; together, it is well under the statutory maximum. **See Mouzon**, 828 A.2d at 1128. For all the above reasons, we find the trial court did not abuse its discretion in fashioning Appellant's sentence. Where "the record as a whole reflects that the trial court considered the facts of the crime and character of Appellant in making its determination, we cannot re-weigh the sentencing factors to achieve a different result." **See Crump**, 995 A.2d 1280.

In Appellant's second issue on appeal, he argues Pa.R.Crim.P. 708 and 42 Pa.C.S. § 5505 are fundamentally unfair, inefficient and in direct conflict with Pa.R.Crim.P. 602. Appellant's Brief (Statement of Questions Presented), at 5. Rule of Criminal Procedure 708(e) states that a motion to modify a VOP sentence will not toll the 30-day notice of appeal requirement. Pa.R.Crim.P. 708(e). 42 Pa.C.S. § 5505 states,

[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed

42 Pa.C.S. § 5505. Pa.R.Crim.P. 602 states, "The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule." Pa.R.Crim.P. 602.

First, we agree with the Commonwealth that this issue is waived for failure to present the issue to the trial court. *See* Pa.R.A.P. 302 ("issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Appellant did not raise this issue with the trial court, therefore, the issue is waived. Even if not waived, this issue is without merit.

Appellant argues that the trial court scheduled a hearing for his motion to reconsider the sentence for December 23, 2020, but that hearing was cancelled because Appellant was moved to a different prison. Appellant's Brief, at 37. Appellant argues he was forced to file a notice of appeal, based on Rule 708, on December 23, 2020 and the trial court was divested of jurisdiction to hear argument on his post-sentence motion. *Id*. at 38. Appellant argues that Rule 708 forced Appellant to "choose between giving up his statutory right to appeal or giv[e] up his statutory right to be present at sentencing." *Id.* At 39.

Appellant conflates a sentencing hearing with a hearing the trial court scheduled regarding a motion for reconsideration of his sentence. A hearing

scheduled regarding argument on Appellant's motion to reconsider his sentence is **not** a sentencing hearing. Appellant's argument that his constitutional right to be present was violated is without merit. Appellant was present at the November 24, 2020 hearing when the trial court sentenced him. *See* N.T., 11/24/20, generally. Appellant's second issue is without merit.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2021